UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23791-CV-SCOLA
(15-20246-CR-SCOLA)
MAGISTRATE JUDGE REID

CHRISTOPHER M. MACK,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.  **Introduction**

The Movant, Christopher Mack**,** has filed a *pro se* motion to vacate, pursuant to 28 U.S.C. § 2255 [CV ECF 1], challenging the sentence imposed after he pled guilty to possession of fifteen or more counterfeit devices, possession of device making equipment, and aggravated identity theft in Case No. 15-20246-CR-SCOLA. For the reasons explained in this report, the Movant is not entitled to relief in this § 2255 proceeding.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

## II. Claims

Construing the motion liberally as afforded pro se litigants pursuant to *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the movant raises the following grounds for relief:

1. Counsel was ineffective for failing to object to the affidavit in support of the complaint as deficient.

2. Counsel was ineffective for failing to diligently argue a meritorious Fourth Amendment issue in a motion to suppress and on appeal.

3. Counsel was ineffective for failing to object to the affidavit in support of the search warrant.

4. Counsel was ineffective for misleading Petitioner into signing a second plea agreement that included an additional count not included in the first plea agreement.

5. Counsel was ineffective for failing to object to factual inaccuracies set forth within the Presentence Investigation report ("PSI").

6. Counsel was ineffective for failing to object to an unconstitutional two-level enhancement for an offense that the grand jury did not charge Petitioner.

7. Counsel was ineffective for failing to object to the government's egregious breach of the plea agreement.

8. Counsel was ineffective for failing to object to the erroneous sentence of 102 months and for advising Petitioner to agree to this sentence in the plea agreement.

9.  Appellate counsel was ineffective for abandoning essential facts in arguing that the trial court erred in denying the motion to suppress.

10. Counsel was ineffective for failing to appeal the 102-month sentence.

For the reasons set forth in this report, the Movant is not entitled to relief on any of these claims and the motion should be denied.

### III.   **Procedural Background**

#### A.   **Charges**

Movant was charged by superseding indictment with conspiracy to possess fifteen or more counterfeit or unauthorized access devices (Count 1); possession of fifteen or more counterfeit or unauthorized access devices (Count 2); possession of device making equipment (Count 3); and aggravated identity theft (Counts 4-8). [CR ECF 10].

#### B.   **Motion to Suppress**

Movant, through counsel, filed a motion to suppress and request for a *Franks*[1] Hearing. [CR ECF 21]. He argued that law enforcement's initial entry into his apartment was illegal and that the affidavit in support of a later search warrant was defective because it omitted a material fact, namely law enforcement's initial entry

---

1 *Franks v. Delaware*, 438 U.S. 154 (1978).

into the apartment to perform a security sweep. [*Id.*]. The government filed a response arguing that the initial entry into Movant's apartment was legal in order to secure the apartment and the evidence while they obtained a search warrant, and there was no material omission in the affidavit. [CR ECF 24]. Alternatively, the government argued that even if the initial entry were illegal there was independent probable cause to support the search. [*Id.*].

At a calendar call in the case, counsel for Movant conceded that if the alleged omissions had been included in the affidavit it likely would not have prevented a finding of probable cause. [CR ECF 30, ¶2]. Notwithstanding this concession, counsel reserved the right to request a *Franks* hearing if the testimony at the hearing on the motion to suppress should warrant it. [*Id.*].

At the hearing on the motion to suppress, Detective Sebastian Monros testified. [CR ECF 58]. Monros learned that a waiter at a Miami restaurant had been involved in skimming credit cards. [*Id.*, p. 8-10]. The waiter cooperated with the police and told them that "Mack" was paying him to skim the credit cards. "Mack" was later identified as Movant. [*Id.*, p. 11-12]. The police reviewed text messages between the waiter and Movant regarding payments for skimming credit cards. [*Id.*, p. 40-41]. The waiter agreed to set up a controlled delivery of his skimming device to the Movant. [*Id.*, p. 14]. The waiter wore an audio recording device as he met

Movant. [*Id.*, p. 15]. The exchange was also video recorded by a surveillance team. [*Id.*, p. 16].

After the delivery, officers followed Movant on foot. [*Id.*, p. 18]. He was arrested on Brickell Avenue as he was reaching into a vehicle. [*Id.*, p. 20]. In a search incident to the arrest, officers found the skimming device in his possession. [*Id.*, p. 22]. Movant claimed that he did not live in Miami, however a check of the driver's license database revealed an address in a building near the location where he was arrested. [*Id.*, p. 22-23]. Officer's took Movant's keys and entered the building to speak to the concierge. [*Id.*, p. 24]. The concierge confirmed that Movant lived in the building in apartment 1109. [*Id.*, p. 25]. The officers then advised Movant of his *Miranda*[2] rights and asked him for his address. [*Id.*, p. 25]. Movant provided an address in Michigan. [*Id.*]. After Movant invoked his *Miranda* rights the police began preparations to obtain a search warrant. [*Id.*, p. 25-29].

The police sought to secure Movant's residence for officer safety and to preserve evidence pending issuance of the warrant. [*Id.*, p. 30]. The officers conducted a cursory sweep of the residence and determined it was unoccupied. [*Id.*, p. 32]. No evidence of contraband was observed during the sweep. [*Id.*, p. 33]. The officers left the apartment and immediately contacted the State Attorney to obtain a

---

2 *Miranda v. Arizona*, 384 U.S. 436 (1966)

warrant. [*Id.*, p. 34]. A warrant was obtained prior to a search of Movant's apartment. [*Id.*, p. 36].

The court denied the motion to suppress, finding that the security sweep of Movant's apartment was proper. [CR ECF 37, p. 4]. The court further found that there was probable cause for both the arrest and the search warrant. [*Id.*, p. 3]. The court found that there was a sufficient nexus between the criminal activity and Mack's apartment. [*Id.*, p. 4].

**C.    Plea Agreement**

After the motion to suppress was denied, Movant entered into a plea agreement with the government. [CR ECF 40]. Movant agreed to plead guilty to possession of fifteen or more counterfeit and unauthorized access devices (Count 2), possession of device making equipment (Count 3), and one count of aggravated identity theft (Count 4). [*Id.*]. Movant understood the maximum sentence that could be imposed for each count and that Count 4 carried a mandatory 24-month sentence that would be consecutive to any other sentence. [*Id.*]. He understood that the government could inform the court and probation office of all facts pertinent to the sentencing process, including all relevant information concerning offenses committed, whether charged or not. [*Id.*].

Important to the issues raised in this case, the parties agreed to jointly recommend a term of imprisonment of 102 months. [*Id.*]. The parties further agreed

to recommend that any sentence imposed be served concurrent to the sentence imposed in Mack's pending Florida state case. [*Id.*]. Movant waived his right to appeal his sentence unless the sentence exceeded the statutory maximum or was an upward departure from the guidelines. [*Id.*].

Movant also entered into stipulated factual proffer. [CR ECF 41]. The factual proffer recounted the events leading up to Movant's arrest. [*Id.*]. In the proffer, Movant agreed that during the search of his apartment the police recovered 133 counterfeit credit cards, three spiral notebooks containing personal identifying information of approximately 600 individuals, papers filled with approximately 1,000 social security numbers, over $200,000 money order receipts, a credit card scanning device and a magnetic encoding device. [*Id.*]. After Movant was arrested, a review of the spiral notebooks revealed entries detailing the filing of fraudulent federal tax returns. [*Id.*]. The Internal Revenue Service confirmed that the entries corresponded to fraudulently filed tax returns. [*Id.*].

At the change of plea hearing, Movant acknowledged that he understood both the plea agreement and factual proffer. [*Id.*, p. 4]. He had no questions about either document. [*Id.*]. He had reviewed the indictment with counsel and discussed any defenses. [*Id.*, pp. 4-5]. Movant stated that he was "more than satisfied" with counsel's representation. [*Id.*, p. 5]. He understood his sentence would be calculated pursuant to the guidelines. [*Id.*]. He acknowledged that he had agreed with the

government to the recommendation of a 102-month sentence and understood the court was not obligated to go along with the joint recommendation. [*Id.*, p. 6].

He admitted that no additional promises had been made to induce him to plead guilty and he had not been forced in any way to plead guilty. [*Id.*, pp. 10-11]. After Movant stipulated that the facts contained in the factual proffer were true, the court accepted his guilty plea as freely, knowingly and voluntarily entered. [*Id.*, pp. 13-14].

## D. **Sentencing**

Prior to sentencing, a Presentence Investigation Report ("PSI") was prepared. Movant's base offense level was set at 6. [PSI ¶ 19]. Fourteen levels were added because the amount of loss was more than $550,000 but not more than $1,500,000. [PSI ¶ 20]. Four levels were added because the offense involved the possession or use of device-making equipment or authentication features and more than 10 victims. [PSI ¶¶ 21, 22]. Three levels were deducted for Movant's timely acceptance of responsibility. [PSI ¶ 28-29]. The total offense level was 21. [PSI ¶ 30]. Based on offense level 21 and a criminal history category of I, the Movant's advisory sentencing guideline range was 37 to 46 months imprisonment. [PSI ¶ 65]. Count 4 required a mandatory twenty-four-month sentence consecutive to any other term of imprisonment. [PSI ¶ 65]. The statutory range of imprisonment was zero to ten years

for Count 2, zero to fifteen years for Count 3, and a mandatory consecutive two years for Count 4. (PSI ¶ 64).

Movant reviewed the PSI with counsel prior to sentencing. [CR ECF 55, p. 3]. Movant objected to the amount of loss, arguing that it should be $872, 500. [*Id.*, p. 3-4]. The government did not object to this adjustment. [*Id.*]. Other than an objection to information in the section of the PSI addressing Movant's employment record, Movant had no further objections to the PSI. [*Id.*, pp. 4-5]. After sustaining the objections, the court adopted the guidelines with the noted corrections. [*Id.*, p. 6].

The government argued that given the joint recommendation, the statutory sentence factors in 18 U.S.C. § 3553, and the nature of the offense, a sentence of 102 months with a recommendation that the federal sentence run concurrent with Movant's state sentence would be appropriate. [*Id.*, p. 6]. The parties discussed the fact that the joint recommendation was a part of a global resolution of Movant's federal and state charges. [*Id.*, pp. 7-18]. Movant's counsel acknowledged that the global resolution resulted in the joint recommendation of the 102-month sentence because the recommended guidelines sentence in the state case was much higher. [*Id.*, p. 7-8]. However, Movant had subsequently sought to vacate his plea in the state case. [*Id.*, 8]. Counsel advised the court that he ordinarily would not advise a client to jointly agree to an above-guidelines sentence unless there were some benefit

to the client. [*Id.*, 11]. The government also noted that the plea was part of a global resolution with the state case and that the terms of the federal plea were reflected in the state plea deal. [*Id.*, p.17]. The government then argued that if Movant wanted a sentence lower than the agreed 102 months, it would not recommend that the sentences be served concurrently. [*Id.*, pp. 17-18]. Movant ultimately agreed to the 102-month sentence to be served concurrent with any sentence imposed in state court. [*Id.*].

After considering the statements of the parties, the PSI and the statutory factors, the court imposed a sentence of 102 months consisting of concurrent 78-month terms as to Counts 2 and 3, followed by a consecutive 24-month term as to Count 4. [*Id.*, pp. 18-19]. The court recognized the sentence was a variance above the guidelines range in its Statement of Reasons ("SOR"). [SOR § VI]. The court noted the upward variance was due to the plea agreement, among other reasons. [*Id.*, §VI, B, C].

Movant appealed his judgment and conviction, raising issues regarding the police officers initial sweep of his apartment and lack of probable cause to support the search because no evidence connected his apartment to the criminal activity. The Eleventh Circuit rejected the arguments and affirmed his conviction. *United States v. Mack*, 670 F. App'x 964 (11th Cir. 2013).

## IV. <u>Standard of Review</u>

## A. Section 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255. The burden of proof is on the movant, not the government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States,* 871 F.3d 1215, 1221-1222 (11th Cir. 2017).

To overcome a procedural default arising from a claim that could have been, but was not raised on direct appeal, the movant must demonstrate: (1) cause for failing to raise the claim and resulting prejudice; or, (2) that a miscarriage of justice

excuses the procedural default because the movant is actually innocent. *See McKay v. United States,* 657 F.3d 1990, 1996 (11th Cir. 2011). The actual innocence exception is exceedingly narrow in scope as it concerns a petitioner's "actual" innocence, rather than his "legal" innocence. *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001).

**B. Ineffective Assistance of Counsel Principles**

Regarding claims challenging counsel's effectiveness, the law is well settled that a criminal defendant is entitled to the effective assistance of competent counsel before deciding whether to plead guilty. *Lee v. United States,* ___ U.S. ___, 137 S. Ct. 1958, 1964 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). However, if the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Strickland,* 466 U.S. at 697; *Brown v. United States,* 720 F.3d 1316 (11th Cir. 2013).

To show deficient performance, a movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008)(citations omitted). With regard to the prejudice requirement, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.

*Strickland,* 466 U.S. at 694. In the sentencing context, this requires a showing that the sentence would have been less severe. *Glover v. United States,* 531 U.S. 198, 203B04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).

A movant is also not prejudiced by counsel's failure to raise non-meritorious claims. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014). Courts may not vacate a conviction or sentence solely because the outcome would have been different, but for counsel's error, as it may grant the defendant a windfall to which the law does not entitle him. *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 754 (11th Cir. 2010).

Bare and conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm's, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, a § 2255 movant must provide factual support for his contentions regarding counsel's performance. *Smith v. White,* 815 F.2d 1401, 1406 (11th Cir.1987).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000)(*en banc*). The *Strickland* test does not require a showing of what the best or good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle v.*

*Sec'y for Dep't of Corr.,* 480 F.3d 1092, 1099 (11th Cir. 2007). In retrospect, where counsel's decision appears to have been unwise, it will have been ineffective only if it was "so patently unreasonable that no competent attorney would have chosen it." *Dingle v. Sec'y for Dep't of Corr.,* 480 F.3d at 1099 (citations omitted).

A meritorious claim of ineffective assistance of counsel, as alleged here, can also constitute cause for a procedurally defaulted claim. *See United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000). Ineffective assistance of counsel claims, however, are generally not cognizable on direct appeal and are properly raised by way of a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503 (2003); *see also United States v. Patterson,* 595 F.3d, 1324, 1328 (11th Cir. 2010).

## V. <u>Discussion</u>

The Movant raises ten claims of ineffective assistance of counsel. In his first three claims he contends that counsel was ineffective prior to the plea being entered. Movant's next five claims essentially contend that counsel was ineffective at sentencing. His final two claims contend that counsel was ineffective in the pursuit of his appeal.

## A.    Counsel's Performance Prior to Plea

In his first claim, Movant argues that counsel was ineffective for failing to object to the affidavit in support of the complaint as being deficient. He contends

- 14 -

that the affidavit contained a deliberately false statement and omitted essential facts. Movant notes that the affidavit in support of the criminal complaint and arrest warrant states that his apartment was searched between 2:15 and 2:45 a.m. He notes, however, that Detective Monros stated in a deposition that he did not obtain the search warrant until 4:00 a.m. He argues that counsel was ineffective for failing to raise this discrepancy in a motion to dismiss the complaint. Movant also argues that counsel was ineffective for failing to include this allegation in the motion to suppress and for waiving a *Franks* hearing prior to the hearing on the motion to suppress. As a final challenge to counsel's pre-plea performance Movant argues that counsel failed to object that the affidavit falsely stated that Monros worked for the United States Secret Service. None of these three claims merits relief.

Movant received a hearing on the motion to suppress. Counsel presented the testimony of Detective Monros and Sergeant Correa. Monros testified that he obtained the search warrant prior to conducting a search of Movant's apartment. The court credited Monros testimony and denied the motion to suppress.

Movant's first claim and second claims are based upon a single statement in Monros' deposition where the detective stated that he had to wake a judge at four in the morning to get the warrant signed. [ECF 1, p. 52]. There was no follow up on this question in the deposition and Monros was never cross-examined by the State on this statement. This lone discrepancy is not material. Monros also stated that after

- 15 -

the warrant was signed "we went back to the house and searched it." [ECF 1, p. 53].

Movant ignores this portion of the deposition and focuses only on what is best

described as a misstatement by Monros in his deposition rather than a false statement

in the affidavit. Given this factual background, counsel was not ineffective for failing

to raise the non-meritorious issue of this purported discrepancy as a material

omission in either a motion to dismiss the indictment or in the motion to suppress.

*See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

In his third claim, Movant relies upon a statement by Monros in his deposition

where he mentions that his work with a Secret Service task force ended in 2014. He

contends that this statement is inconsistent with a statement contained in the affidavit

that Monros was a member of the task force at the time he was seeking the search

warrant. He claims that Monros submitted a false statement to strengthen his

credentials in order to sway the judge issuing the search warrant. However, a review

of the entire affidavit reveals that, even if the statement was false, there was ample

evidence to support a finding of probable cause.

The affidavit recounts the police investigation, and the events leading up to

the Movant's arrest. [ECF 1, p. 36-42]. It also sets out Monros' work experience. In

addition to being a member of the Secret Service Miami Electronic Crimes Task

Force, Monros had received extensive training in the investigation of bank fraud,

access device fraud and identity theft. According to the affidavit, Monros'

experience, along with the other evidence, led him to believe that Movant's apartment would contain evidence of credit card fraud.

Quite simply, even if the statement in the affidavit were false, it is not reasonably likely that it would have had any impact on the finding of probable cause for the search warrant. A warrant is valid if, absent misstatements or omissions, there remains sufficient content to support a finding of probable cause. *Franks*, 438 U.S. at 171-72. As was found by the district court in denying the motion to suppress, the police had ample evidence of probable cause to support the issuance of the search warrant. Counsel was not ineffective for failing to include this non-meritorious argument in the motion to suppress. This claim should be denied as counsel cannot be ineffective for failing to raise a meritless argument.

**B.     Counsel's Performance at Sentencing**

He first contends that counsel misled him into signing a plea agreement that contained a charge of possessing device making equipment, which carried a two-level increase in his offense level at sentencing. Movant also argues that counsel was ineffective for not objecting to this two-level increase. Movant next contends that counsel failed to object to the government's alleged breach of the plea agreement that resulted in a two-level increase in his base offense level. He also argues that counsel should have objected to the 102-month sentence that was improperly calculated.

1.    **Plea Advice**

Movant's claim that counsel misled him about signing a second plea agreement is refuted by the record. He contends that counsel advised him that the second plea agreement would have no effect upon his sentence. Review of the two plea agreements submitted by Movant show both contained the parties' agreement to recommend a sentence of 102 months. [ECF 1, pp. 68-80]. Counsel's advice that the change would not affect his sentence was therefore not misleading. It is not reasonably likely that Movant would had insisted on going to trial where both plea agreements contained the same recommendation of a sentence of 102 months. In the context of a guilty plea, to establish prejudice, the *Strickland* standard requires a showing that there is a reasonable probability that but for counsel's advice, he would not have plead guilty and would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1988). The record clearly established Movant's agreement to the recommendation as a global resolution of both his federal and state sentences. Movant cannot establish either deficient performance or that he was prejudiced.

2.    **Lack of a Challenge to PSI**

Movant next contends that counsel failed to object to factual inaccuracies in the PSI that he claims substantially affected his sentence. He claims that his guilty plea to Count 4 involved only one victim and that the finding in the PSI that the

offense involved more than 10 victims was erroneous. He argues there was no evidence to support a finding of more than 10 victims.

Movant's argument ignores the fact that he was charged under Count 2 with possession of fifteen or more counterfeit and unauthorized access devices. Furthermore, the factual proffer specifically provides that during the search of Movant's apartment law enforcement recovered "one-hundred-thirty-three (133) counterfeit credit cards embossed with the name 'Christopher Mack,'" three spiral notebooks containing personal identifying information (PII) of approximately 600 individuals," "multiple loose sheets of paper filled with social security numbers of approximately 1,000" individuals and that the IRS confirmed that entries in the spiral notebook corresponded to fraudulently filed tax returns. [CR ECF 41, ¶¶9-10]. Thus, there was more than sufficient evidence to support the finding of ten or more victims. Counsel cannot be ineffective for failing to raise this meritless issue. *See Chandler.* Movant cannot establish prejudice because he agreed to the 102-month sentence.

## 3.     Failure to Object to Alleged Breach of Plea Agreement

Movant next argues that counsel was ineffective for failing to object to the government's breach of a binding plea agreement. The alleged breach involves Count 4 of the indictment. Movant contends that this count involved only one victim and that the government breached the plea agreement by seeking a two-level enhancement based on the number of victims. As discussed above, the two-level

enhancement was supported by Count 2 which charged Movant with possession of 15 or more unauthorized access devices. There was no breach of the plea agreement and counsel was not ineffective for failing to raise this meritless issue. *See Id.* As noted above, Movant cannot establish prejudice as he agreed to the sentence imposed.

### 4.    Failure to Object to Sentence Imposed

Movant next contends that counsel was ineffective for failing to object to the erroneous 102-month sentence and for advising him to agree to this sentence. Movant again challenges the application of the two-level enhancement for the number of victims, and argues that under the sentencing guidelines his sentence should have been capped at 61 months without this enhancement. He argues that the 102-month sentence imposed was therefore excessive, cruel and unusual punishment in violation of his Eighth Amendment rights.

As reflected in the transcript of the sentencing hearing, counsel advised the court that the "global resolution was a sentence of 102 months." [CR ECF 55, p. 7]. According to counsel, the "guidelines were much higher in the state." [*Id.*]. The joint recommendation of the state and federal authorities would settle all of the charges. [*Id.*]. Counsel explained that the decisions were jointly undertaken and that he "wouldn't in any case come in and jointly agree to above the guidelines unless there were some benefits" to Movant. [*Id.*, p. 10-11].

- 20 -

Movant offered that he was seeking to vacate his state court plea, but had no objections to the way the federal case had been handled. [*Id.*, p. 12]. He had no objections to the way the plea was offered. [*Id.*]. He advised the court that the problems he had with his state court counsel happened after he took the plea in the federal case. [*Id.*]. After counsel spoke to Movant, counsel requested that the sentence be imposed to run concurrently. [*Id.*, p. 14].

The court asked Movant what he planned to do in state court. [*Id.*]. Movant planned to ask for a better deal. [*Id.*]. After counsel explained that Movant's situation in state court had changed, he noted that the state had offered 8 ½ years ( also 102 months) in a plea agreement. [*Id.*, p. 16]. The prosecutor then explained that through his discussions with the state prosecutor he understood that Movant was facing ten years or more. [*Id.*]. The prosecutor reiterated that the 102-month sentence was agreed to in conjunction with a recommendation that the federal sentence be served concurrent with the sentence to be imposed in the state proceedings as part of a global resolution of both state and federal charges. Movant was offered the same sentence in state court with the same recommendation that the state sentence be served concurrent with the federal sentence. [*Id.*, 18]. Before the court pronounced sentence, counsel stated, "And [Movant], what I didn't finish telling the court is that he wanted the concurrent sentence recommendation **with the 102 months that we agreed to**." [*Id.*]

Movant's argument completely ignores the fact that the 102-month sentence was agreed to as a global resolution of both the state and federal cases. As was addressed by counsel and the prosecutor, the agreed sentence, although above the guidelines, was a global resolution which according to counsel was in the best interests of Movant. Since the 102-month sentence was negotiated as part of a global plea agreement and Movant specifically requested the sentence at the sentencing hearing, Movant cannot establish that counsel's performance was deficient or that he was prejudiced by counsel's advice.

## C.     Counsel's Performance on Appeal

In his final two claims Movant argues that counsel was ineffective in pursuing his appeal. He first argues that counsel abandoned certain facts in the argument challenging the trial court's ruling on the motion to suppress. He next argues that counsel was ineffective for failing to appeal the sentence after he requested that counsel do so.

## 1.     Appeal of Motion to Suppress

As addressed above, counsel was not ineffective in pursuing the motion to suppress. After a hearing on the issue, the court found there was ample probable cause to support the search warrant. Also as discussed above, the additional facts he contends should have been included in the motion would not have affected the court's ruling on the motion to suppress. Because the arguments were meritless,

counsel could not have been ineffective for failing to pursue these same arguments on appeal.

## 2.     Lack of Appeal of Sentence

In his final claim, Movant argues that counsel was ineffective for failing to challenge the imposition of the 102-month sentence on direct appeal. He alleges that he met with counsel after sentencing and asked counsel to appeal the sentence. According to Movant, counsel advised him that it would be frivolous to appeal the sentence he had agreed to. He contends that even though he agreed to the sentence, he could have appealed the sentence because it was an upward variance from the recommended guideline sentence.

Any error in sentencing Movant to 102 months was invited by Movant. He agreed to the 102-month sentence as part of a global plea agreement. By agreeing to the sentence, Movant invited the court to enter the sentence. Movant made this agreement knowing that the guidelines calculations resulted in a lower sentence. Such an invited error cannot be challenged on appeal. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir.1997) (quotations omitted). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838

(11th Cir.1998). "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir.2005) (quotations omitted)).

Since an appeal of the sentence would have been rejected as invited error, any appeal of the issue would have been frivolous. The Sixth Amendment does not require appellate counsel to pursue every non-frivolous issue that a client requests be raised on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Here, counsel's decision not to appeal the sentence was reasonable as any challenge to the agreed to sentence would have been frivolous. Counsel was not obligated to raise this non-meritorious issue on direct appeal.

In conclusion, the movant is not entitled to relief on any of the arguments presented as it is apparent from the extensive review of the record above that counsel was not ineffective.

## VI. <u>Evidentiary Hearing</u>

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding, having failed to demonstrate that his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan,* 550 U.S. 465, 473-75 (2007); *Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989).

## VII. <u>Certificate of Appealability</u>

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## VIII. <u>Conclusions and Recommendations</u>

Based on the foregoing, it is recommended that:

1.    the motion to vacate be DENIED on the merits;

2.      that no certificate of appealability issue; and,

3.      the case closed.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 27th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Christopher Mack
        07624-104
        Miami FCI
        Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 779800
        Miami, FL 33177
        PRO SE

        David Samuel Turken
        United States Attorney's Office
        99 N.E. 4th Street
        Miami, FL 33132
        Email: david.turken@usdoj.gov